## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
KYLE RICHARD PALMER           :    Civ. No. 3:19CV00920(SALM)
                              :
v.                            :
                              :
ANDREW M. SAUL,               :
COMMISSIONER, SOCIAL          :
SECURITY ADMINISTRATION       :    August 14, 2020
                              :
------------------------------x
```

### RULING ON CROSS MOTIONS

Plaintiff Kyle Richard Palmer ("plaintiff"), brings this appeal under §205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C. §405(g), seeking review of a final decision by the Commissioner of the Social Security Administration (the "Commissioner" or "defendant") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff moves to reverse the Commissioner's decision, or in the alternative, to remand for a re-hearing. [Doc. #13]. Defendant has filed a motion for an order affirming the decision of the Commissioner. [Doc. #15].

For the reasons set forth below, plaintiff's Motion for Order Reversing the Commissioner's Decision [**Doc. #13**] is **DENIED**, and defendant's Motion for an Order Affirming the Commissioner's Decision [**Doc. #15**] is **GRANTED**.

1

## I.   PROCEDURAL HISTORY[1]

Plaintiff filed concurrent applications for DIB and SSI on December 6, 2016, alleging disability beginning on January 4, 2015.[2] See Certified Transcript of the Administrative Record, Doc. #11, compiled on July 13, 2019, (hereinafter "Tr.") at 216-31. Plaintiff's applications were denied initially on April 12, 2017, see Tr. 117-36, and upon reconsideration on June 19, 2017, see Tr. 97-116.

On May 17, 2018, plaintiff, represented by Attorney James Berryman, appeared and testified at a hearing before Administrative Law Judge ("ALJ") Brien Horan. See generally Tr. 42-93. Vocational Expert ("VE") Warren Maxim appeared and testified by telephone at the hearing. See Tr. 42, 87-93. On June 11, 2018, the ALJ issued an unfavorable decision. See Tr. 12-34. On April 18, 2019, the Appeals Council denied plaintiff's request for review of the ALJ's decision, thereby making the ALJ's June 11, 2018, decision the final decision of the Commissioner. See Tr. 1-6. The case is now ripe for review under 42 U.S.C. §405(g).

---

[1] Simultaneously with his motion, plaintiff filed a Statement of Material Facts. [Doc. #13-2]. Defendant filed a Responsive Statement of Facts, which adopts and supplements plaintiff's statement. [Doc. #15-1].

[2] Plaintiff amended his alleged disability onset date to January 16, 2015, at the May 17, 2018, hearing. See Tr. 45.

II.  <u>**STANDARD OF REVIEW**</u>

The review of a Social Security disability determination involves two levels of inquiry. <u>First</u>, the Court must decide whether the Commissioner applied the correct legal principles in making the determination. <u>Second</u>, the Court must decide whether the determination is supported by substantial evidence. <u>See</u> <u>Balsamo v. Chater</u>, 142 F.3d 75, 79 (2d Cir. 1998). Substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion; it is more than a "mere scintilla." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The reviewing court's responsibility is to ensure that a claim has been fairly evaluated by the ALJ. <u>See</u> <u>Grey v. Heckler</u>, 721 F.2d 41, 46 (2d Cir. 1983).

The Court does not reach the second stage of review – evaluating whether substantial evidence supports the ALJ's conclusion – if the Court determines that the ALJ failed to apply the law correctly. <u>See</u> <u>Norman v. Astrue</u>, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence." (citing <u>Tejada v. Apfel</u>, 167 F.3d 770, 773-74 (2d Cir. 1999))). "Where there is a reasonable basis for doubt

3

whether the ALJ applied correct legal principles, application of
the substantial evidence standard to uphold a finding of no
disability creates an unacceptable risk that a claimant will be
deprived of the right to have her disability determination made
according to the correct legal principles." Johnson v. Bowen,
817 F.2d 983, 986 (2d Cir. 1987).

"[T]he crucial factors in any determination must be set
forth with sufficient specificity to enable [a reviewing court]
to decide whether the determination is supported by substantial
evidence." Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)
(alterations added) (citing Treadwell v. Schweiker, 698 F.2d
137, 142 (2d Cir. 1983)). The ALJ is free to accept or reject
the testimony of any witness, but a "finding that the witness is
not credible must nevertheless be set forth with sufficient
specificity to permit intelligible plenary review of the
record." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 260-
61 (2d Cir. 1988) (citing Carroll v. Sec. Health and Human
Servs., 705 F.2d 638, 643 (2d Cir. 1983)). "Moreover, when a
finding is potentially dispositive on the issue of disability,
there must be enough discussion to enable a reviewing court to
determine whether substantial evidence exists to support that
finding." Johnston v. Colvin, No. 3:13CV00073(JCH), 2014 WL
1304715, at *6 (D. Conn. Mar. 31, 2014).

It is important to note that in reviewing the ALJ's decision, this Court's role is not to start from scratch. "In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) (quoting Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 507 (2d Cir. 2009)). **"[W]hether there is substantial evidence supporting the appellant's view is not the question here; rather, we must decide whether substantial evidence supports the ALJ's decision." Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (citations omitted).**

Finally, some of the Regulations cited in this decision, particularly those applicable to the review of medical source evidence, were amended effective March 27, 2017. Those "new regulations apply only to claims filed on or after March 27, 2017." Smith v. Comm'r, 731 F. App'x 28, 30 n.1 (2d Cir. 2018) (summary order). Plaintiff filed his claims for benefits on December 6, 2016. See Tr. 216-31. Where a plaintiff's claim for benefits was filed prior to March 27, 2017, "the Court reviews the ALJ's decision under the earlier regulations[.]" Rodriguez v. Colvin, No. 3:15CV01723(DFM), 2018 WL 4204436, at *4 n.6 (D. Conn. Sept. 4, 2018); White v. Comm'r, No. 17CV04524(JS), 2018 WL 4783974, at *4 n.4 (E.D.N.Y. Sept. 30, 2018) ("'While the Act

was amended effective March 27, 2017, the Court reviews the ALJ's decision under the earlier regulations because the Plaintiff's application was filed before the new regulations went into effect.'" (citation omitted)).

### III. SSA LEGAL STANDARD

Under the Social Security Act, every individual who is under a disability is entitled to disability insurance benefits. 42 U.S.C. §423(a)(1).

To be considered disabled under the Act and therefore entitled to benefits, plaintiff must demonstrate that he is unable to work after a date specified "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Such impairment or impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §423(d)(2)(A); 20 C.F.R. §§404.1520(c), 416.920(c) (requiring that the impairment "significantly limit[] ... physical or mental ability to do basic work activities" to be considered "severe").

There is a familiar five-step analysis used to determine if a person is disabled. See 20 C.F.R. §§404.1520, 416.920. In the Second Circuit, the test is described as follows:

> First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocational factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam). If and only if the claimant does not have a listed impairment, the Commissioner engages in the fourth and fifth steps:

> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of proof as to the first four steps, while the Secretary must prove the final one.

Id.

"Through the fourth step, the claimant carries the burdens of production and persuasion, but if the analysis proceeds to

the fifth step, there is a limited shift in the burden of proof
and the Commissioner is obligated to demonstrate that jobs exist
in the national or local economies that the claimant can perform
given his residual functional capacity." Gonzalez ex rel. Guzman
v. Dep't of Health and Human Serv., 360 F. App'x 240, 243 (2d
Cir. 2010) (alteration added); Poupore v. Astrue, 566 F.3d 303,
306 (2d Cir. 2009) (per curiam). The residual functional
capacity ("RFC") is what a person is still capable of doing
despite limitations resulting from his physical and mental
impairments. See 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1).

"In assessing disability, factors to be considered are (1)
the objective medical facts; (2) diagnoses or medical opinions
based on such facts; (3) subjective evidence of pain or
disability testified to by the claimant or others; and (4) the
claimant's educational background, age, and work experience."
Bastien v. Califano, 572 F.2d 908, 912 (2d Cir. 1978).
"[E]ligibility for benefits is to be determined in light of the
fact that 'the Social Security Act is a remedial statute to be
broadly construed and liberally applied.'" Id. (quoting Haberman
v. Finch, 418 F.2d 664, 667 (2d Cir. 1969)).

IV.  **THE ALJ'S DECISION**

Following the above-described evaluation process, the ALJ
concluded that plaintiff "has not been under a disability, as

defined in the Social Security Act, from January 16, 2015, through the date of" the ALJ's decision. Tr. 26.

As an initial matter, the ALJ determined that plaintiff met "the insured status requirements of the Social Security Act through December 31, 2017." Tr. 18. At step one, the ALJ found that plaintiff had "not engaged in substantial gainful activity since January 16, 2015, the amended alleged onset date[.]" Tr. 18.

At step two, the ALJ found that plaintiff had the severe impairments of "Dysfunction, Major Joints; Other and Unspecified Arthropathies; Disorders of Spine[.]" Tr. 18. The ALJ found that plaintiff's "left renal trauma" was "a nonsevere impairment[.]" Tr. 18. The ALJ also found that plaintiff's "major depressive disorder [was] not a medically determinable impairment due to a lack of objective evidence." Tr. 18.

At step three, the ALJ determined that plaintiff's impairments, either alone or in combination, did not meet or medically equal the severity of any of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. See Tr. 19. The ALJ specifically considered listings 1.02.A, 1.02.B, and 1.04. See Tr. 19. The ALJ next found that plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR
> 404.1567(a) and 416.967(a) except (1) he can lift up to
> ten pounds occasionally and a negligible amount
> frequently and can sit up to six hours and stand or walk
> up to two hours in an eight-hour work day, with normal

9

> breaks and (2) he can occasionally climb ramps or stairs
> and can occasionally balance, stoop, kneel, and crouch,
> can do less than occasional crawling but can never climb
> ladders, ropes, or scaffolds; (3) he can do occasional
> reaching overhead with his right upper extremity; (4) he
> shall have no exposure to unprotected heights; and (5)
> he shall have a sit/stand option, in which he may stand
> each hour for a few minutes either while continuing to
> work or during normal breaks.

Tr. 19. At step four, the ALJ concluded that plaintiff was unable to perform his past relevant work as a construction worker or security officer. See Tr. 24-25. At step five, after considering plaintiff's "age, education, work experience, and" RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform[.]" Tr. 25. Specifically, based on the VE's testimony, the ALJ found that plaintiff "would be able to perform the requirements of representative occupations" including "Order Clerk," "Surveillance System Monitor," and "Document preparer[.]" Tr. 26.

## V.   **DISCUSSION**

Plaintiff timely filed this action for review and moves to reverse the decision of the Commissioner or for a remand of this case for further proceedings. See Doc. #13. Plaintiff asserts:

- The ALJ erred in his assignments of weight to two medical opinions, failing to apply SSR 06-03p to this "other source" evidence. See Doc. #13-1 at 1, 4-7.

10

- The ALJ's RFC determination was not supported by substantial evidence. See Doc. #13-1 at 1, 8-10.

**A.    The ALJ's Assignments of Weight**

Plaintiff asserts that the ALJ erred in his assignment of weight to the opinions of Dr. Bruce Fellows, D.C., and APRN Maria Barros, and that he failed to apply SSR 06-03p when evaluating this "'other source' evidence." Doc. #13-1 at 4.[3] Dr. Fellows, a chiropractor, completed a Medical Source Statement dated April 12, 2018 (the "Fellows Opinion"). See Tr. 822-27. Ms. Barros, an APRN, completed an impairment questionnaire dated March 27, 2018 (the "Barros opinion"). See Tr. 316-22. The ALJ assigned each of these opinions "partial weight[.]" Tr. 23-24. The Commissioner asserts that "[p]laintiff's argument is wholly

---

[3] Plaintiff asserts, in passing, that the ALJ should not have relied at all on the opinions of the state agency non-examining record reviewers, asserting that those opinions were "stale" because they did not consider any records after June 2017. Doc. #13-1 at 7. This claim, made in two sentences, is not adequately developed for the Court to address it in depth. However, the Court notes that plaintiff alleged disability beginning January 16, 2015. See Tr. 45. Thus, these opinions addressed a significant and relevant time period. Furthermore, "a medical opinion is not necessarily stale simply based on its age." Biro v. Comm'r of Soc. Sec., 335 F. Supp. 3d 464, 470 (W.D.N.Y. 2018). "A more dated opinion may constitute substantial evidence if it is consistent with the record as a whole notwithstanding its age." Lesanti v. Comm'r of Soc. Sec., 436 F. Supp. 3d 639, 646 (W.D.N.Y. 2020) (finding opinion issued "more than two years before ALJ's decision" not "stale").

without merit as the ALJ discussed these opinions in accordance with" SSR 06-03p. Doc. #15 at 3.[4]

Under the regulations in effect at the time plaintiff filed his claim,[5] only the opinions of "acceptable medical sources" are entitled to controlling weight. See SSR 06-03P, 2006 WL 2329939, at *2 (S.S.A. Aug. 9, 2006). APRNs and chiropractors, amongst others, are not acceptable medical sources, but rather are considered "other sources." See Velazquez v. Berryhill, No. 3:18CV01385(SALM), 2019 WL 1915627, at *5 (D. Conn. Apr. 30, 2019) ("Nurse practitioners ... are not acceptable medical sources and therefore may not provide medical opinions, as that term is defined by the Regulations."); Diaz v. Shalala, 59 F.3d 307, 313 (2d Cir. 1995) ("According to the regulations, however, a chiropractor's opinion is not a medical opinion.").

> When weighing any medical opinion, treating or otherwise, the Regulations require that the ALJ consider the following factors: length of treatment relationship; frequency of examination; nature and extent of the treatment relationship; relevant evidence used to support the opinion; consistency of the opinion with the entire record; and the expertise and specialized knowledge of the source.

---

[4] All citations in this Ruling to materials filed by the parties are to the ECF page numbers.

[5] As plaintiff correctly observes, these regulations have been amended, effective as to claims filed on or after March 27, 2017. See Doc. #13-1 at 4. All citations to the regulations in this Ruling are to the versions in effect when plaintiff filed his claim in 2016.

Malave v. Berryhill, No. 3:16CV00661(SALM), 2017 WL 1080911, at
*5 (D. Conn. Mar. 22, 2017); see also SSR 96-2P, 1996 WL 374188,
at *2 (S.S.A. July 2, 1996); SSR 06-03P, 2006 WL 2329939, at *3-
4; Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004). These
factors are set out in six subsections of the relevant
regulations. See 20 C.F.R. §§404.1527(c)(1)-(6); 20 C.F.R.
§§416.927(c)(1)-(6).

An ALJ "generally should explain the weight given to
opinions from these 'other sources,' or otherwise ensure that
the discussion of the evidence allows a ... reviewer to follow
the adjudicator's reasoning[.]" SSR 06-03p, 2006 WL 2329939, at
*6 (Aug. 9, 2006). "In other words, while the Commissioner is
thus free to decide that the opinions of other sources ... are
entitled to no weight or little weight, those decisions should
be explained." Piatt v. Colvin, 80 F. Supp. 3d 480, 493
(W.D.N.Y. 2015) (citation and quotation marks omitted).

The Court finds that the ALJ evaluated the "other source"
opinion evidence in accordance with the regulations and
adequately explained his assignments of weight to both the
Barros opinion and the Fellows opinion.

### 1.    The Barros Opinion

The ALJ expressly stated that he evaluated the Barros
opinion under the factors "listed in 20 CFR 404.1527(c)(1)
through (c)(6) and 20 CFR 416.927(c)(1) through (c)(6)." Tr. 24.

Applying these factors, the ALJ considered the length, nature, and extent of the relationship between Ms. Barros and plaintiff, referring to APRN Barros as "the claimant's treating provider" and noting: "Ms. Barros has been treating the claimant since November 2015[.]" Tr. 24. This satisfied subsections (1) and (2) of the regulations.[6] There is no indication in the record that APRN Barros has any particular specialty; rather, she indicates in the opinion that she is a primary care provider, rendering subsection (5) of little or no significance. See Tr. 322.

The ALJ also considered the supportability of the Barros opinion, engaging in an extensive discussion of Ms. Barros' treatment notes throughout his decision, as required by subsection (3). See Tr. 20-24. Plaintiff does not explain how assigning greater weight to the Barros opinion would have affected the outcome of the ALJ's decision. He merely asserts that "her opinion on the functional limitations deserved greater weight" that it received. Doc. #13-1 at 7. The only specific limitation plaintiff contends should have been included in the RFC relates to how long he can sit and stand in an eight-hour work day. See Doc. #13-1 at 9. The Barros opinion asserts that

---

[6] Where the Court uses the terms "subsection (1)" through "subsection (6)" herein, the Court refers to the factors set forth in 20 C.F.R. §§404.1527(c)(1)-(6) and 20 C.F.R. §§416.927(c)(1)-(c)(6).

plaintiff could sit, stand, or walk for less than one hour in an eight hour work day. See Tr. 319.[7]

It is notable that the Barros opinion regarding plaintiff's physical capabilities is rendered on a standard "check box" form. See Tr. 317-22. Such forms, "which require only that the completing [provider] check a box or fill in a blank, rather than provide a substantive basis for the conclusions stated, are considered weak evidence at best in the context of a disability analysis." Wilson v. Saul, No. 3:18CV01097(WWE), 2019 WL 2603221, at *10 (D. Conn. June 25, 2019) (citations and quotation marks omitted). "Such form reports provide little reason to afford much weight to a treating [provider's] opinion." Cote v. Berryhill, No. 3:17CV01843(SALM), 2018 WL 4092068, at *14 (D. Conn. Aug. 28, 2018) (citation and quotation marks omitted) (collecting cases).

Judge Meyer's decision in Rivera v. Berryhill, No. 3:16CV01842(JAM), 2018 WL 1521824 (D. Conn. Mar. 28, 2018), is

_____

[7] As the ALJ observed, the Barros opinion was reproduced in a way that made it difficult to read; many column headers were essentially "blacked out." See Tr. 24. However, as noted, the only restriction in the Barros opinion plaintiff specifically argues should have been included in the RFC is the time plaintiff could sit, stand, or walk. As to that issue, the form is understandable, even without legible column headings; next to each option -- sit, stand, or walk -- the form says "<1". Tr. 319. This clearly indicates an opinion that plaintiff can sit, stand, or walk, less than one hour during an eight-hour work day. The illegibility thus has no effect on this particular issue.

instructive here. In Rivera, the ALJ found that the claimant could perform light work, with no restrictions on his ability to sit, stand, or walk. See Rivera, 2018 WL 1521824, at *2. The plaintiff argued on appeal to the Court that the ALJ should have assigned more weight to various medical opinions, including a "check box" form completed by the plaintiff's treating APRN, in which the APRN "opined that [Rivera] could sit for 30 minutes at a time for two hours per day, stand for 15 minutes at a time, and would need 15-20 minute breaks five times per day every day." Id. at *5. Judge Meyer concluded that the ALJ did not err in assigning no weight to the APRN's opinion, because it was contradicted by other evidence in the record, and was rendered on a "check-box" form. Id.

The same is true in this case. As set forth in detail below, in the Court's discussion of the RFC, ample evidence of record contradicts the Barros opinion's conclusion that plaintiff could sit, stand, or walk for less than one hour in a full day. Plaintiff offers no argument as to how any other aspect of the ALJ's decision would have been affected if the Barros opinion had been given more weight, and the Court sees none. The Court finds that the ALJ's assignment of weight to the Barros opinion is supported by substantial evidence of record. The Court further finds that the ALJ's assignment of weight was explained sufficiently to permit meaningful review.

16

###### 2.   The Fellows Opinion

Plaintiff also asserts that the ALJ erred in evaluating the Fellows opinion under SSR 06-03p. The ALJ gave the Fellows opinion "partial weight[.]" Tr. 23. As he did in evaluating the Barros opinion, the ALJ expressly confirmed that he was applying the factors set out in 20 C.F.R. §§404.1527(c)(1)-(6) and 20 C.F.R. §§416.927(c)(1)-(6). See Tr. 23. The ALJ described Dr. Fellows as "claimant's treating chiropractor[.]" Tr. 23. In so doing, the ALJ adequately considered the factors listed in subsections (1) and (5) of the regulations. The ALJ did not expressly address the length or nature of the treatment relationship, under subsection (2), but he cited to and discussed the records of treatment by Dr. Fellows and his colleague, Dr. Kim, indicating that he was aware of the duration and frequency of chiropractic treatment. See, e.g., Tr. 20-21 (citing Tr. 550-51, Mar. 30, 2016, chiropractic treatment record; Tr. 552-53, Mar. 15, 2016, chiropractic treatment record; Tr. 524, May 20, 2016, chiropractic treatment record); Tr. 22 (citing Tr. 602-03, Sept. 20, 2017, chiropractic treatment record); Tr. 23 (citing Tr. 475, Oct. 20, 2016, chiropractic record). Likewise, the ALJ considered the consistency of the Fellows opinion with other information in the record as a whole, as required by subsection (4). See Tr. 23

("Several of the findings tracked those of the state agency medical doctors[.]").

The ALJ squarely addressed the supportability of the Fellows opinion, as required by subsection (3). "The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion." 20 C.F.R. §404.1527(c)(3); 20 C.F.R. §416.927(c)(3). The ALJ explained that he gave less weight to the Fellows opinion because "as Dr. Fellows admits, most of his findings are subjective and not based on objective testing." Tr. 24. Indeed, the Fellows opinion states: "Most findings listed in the aforementioned are subjective for patient, and of my professional opinion. We have not tested objectively for most of these measures." Tr. 826 (emphasis in original). The word "subjective" is actually underlined twice in the opinion. See id. The ALJ also cited to portions of the record reflecting both chiropractic treatment notes, and notes from plaintiff's other providers referring to the benefits of that treatment. See Tr. 20-21.

The ALJ adequately and effectively addressed the factors required by the regulations and by SSR 06-03p. The ALJ's adherence to the regulation is clear and the ALJ sufficiently explained his decision. Accordingly, the ALJ did not err in his evaluation of the Fellows opinion.

**B.    The RFC Determination**

Plaintiff contends that "the record did not contain substantial evidence to support the RFC determination of the ability to sit for up to six hours at in an eight hour period and stand or walk up to two hours in an eight hour workday." Doc. #13-1 at 9 (sic).

A plaintiff's RFC is "the most [he] can still do despite [his] limitations." 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1). The RFC is assessed "based on all the relevant evidence in [the] case record[,]" including "all of the relevant medical and other evidence." 20 C.F.R. §§404.1545(a)(1), (3), 416.945(a)(1), (3).

The ALJ found that plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except (1) he can lift up to ten pounds occasionally and a negligible amount frequently and can sit up to six hours and stand or walk up to two hours in an eight-hour work day, with normal breaks and (2) he can occasionally climb ramps or stairs and can occasionally balance, stoop, kneel, and crouch, can do less than occasional crawling but can never climb ladders, ropes, or scaffolds; (3) he can do occasional reaching overhead with his right upper extremity; (4) he shall have no exposure to unprotected heights; and (5) he shall have a sit/stand option, in which he may stand each hour for a few minutes either while continuing to work or during normal breaks.

Tr. 19.

The Court finds that there is substantial evidence in the record to support this RFC, including the ability to sit for up to six hours, with a sit/stand option provided. Throughout the

record, reports consistently support that plaintiff is capable
of activity equivalent to at least sedentary work. For example,
an April 19, 2017, treatment note by Dr. Fellows indicates that
plaintiff is "[a]ble to exercise and perform activities of daily
living with no restraint due to pain." Tr. 576. On August 15,
2017, plaintiff stated that "he has been doing some weight
lifting and yoga and enjoys this." Tr. 727. The record also
indicates that on November 20, 2015, plaintiff reported
exercising five times per week. See Tr. 465. This notation
continued to be included in his progress reports as late as
September 2017. See Tr. 609.

It appears that plaintiff elected not to seek chiropractic
treatment between April and September 2017, when Dr. Fellows
noted that plaintiff returned to treatment. See Tr. 606. On that
visit, plaintiff indicated that his pain "subsides with rest,"
and that activities "such as gardening[]" were painful. Id. He
also reported that he regularly engaged in yoga. See id. In
September 2017, APRN Barros reported that plaintiff's "pain is
better" and that he was participating in yoga: "He continues to
have pain with activity, but is able to do more before he has to
stop due to the pain." Tr. 608. On December 6, 2017, plaintiff
reported that he was able to work four hours per day in
community service, though bending down to tie shoes caused
increased pain in his groin. See Tr. 731. On March 19, 2018,

plaintiff reported that he had "recently tried to help someone move residence" and that caused a great deal of pain, but that he "hopes to return to a high level of physical work." Tr. 754. On March 14, 2018, he reported "regularly doing video thai chi with benefit[]" and stated that he had some neck pain "as a result of carrying buckets of water around[.]" Tr. 761 (sic).

Indeed, the Fellows opinion, which plaintiff asserts should have been assigned <u>more</u> weight by the ALJ, supports this RFC, concluding: "I would not recommend any type of moderate-heavy manual labor job, or a job where constant static position is required[.]" Tr. 827.

In the section of his motion addressing the RFC, plaintiff also argues that the record does not support a finding that he is able to engage in full-time gainful employment. To support this contention, plaintiff asserts that he repeatedly attempted to work, but suffered increased pain and incapacity after such efforts, and that this pattern should have been considered by the ALJ. <u>See</u> Doc. #13-1 at 8-9. Plaintiff cites to no evidence in support of this assertion. As noted above, the record does reflect efforts by plaintiff to engage in activity, and resulting pain. However, the fact that his efforts to engage in <u>vigorous physical activity</u> caused him pain -- even debilitating pain -- does not undermine the ALJ's conclusion that plaintiff

can successfully engage in <u>sedentary activity</u>, with a sit/stand option.

Plaintiff suggests that the record in this case could have been read to reach a different conclusion. But that is not the question before the Court. It is not the reviewing court's

> function to determine <u>de novo</u> whether a plaintiff is disabled. Instead, we conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied.
>
> Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. But it is still a very deferential standard of review — even more so than the "clearly erroneous" standard. The substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise.

<u>Brault v. Soc. Sec. Admin., Comm'r</u>, 683 F.3d 443, 447-48 (2d Cir. 2012) (citations and quotation marks omitted).

Here, the ALJ's RFC determination is thoroughly explained and well-supported. <u>See</u> Tr. 19-24. Accordingly, for the reasons stated herein, the Court finds that the ALJ did not err in his RFC determination, and that determination is supported by substantial evidence.

## VI.   <u>CONCLUSION</u>

For the reasons set forth herein, plaintiff's Motion for Order Reversing the Commissioner's Decision [**Doc. #13**] is

**DENIED,** and defendant's Motion for an Order Affirming the Commissioner's Decision [**Doc. #15**] is **GRANTED**.

SO ORDERED at New Haven, Connecticut, this 14th day of August, 2020.

          /s/

      HON. SARAH A. L. MERRIAM

      UNITED STATES MAGISTRATE JUDGE
